SPIER *et al.*, commissioners, *vs.* MORGAN.

80   581
c128  414

The act of December 13, 1871, the title of which is "An act to create a board of commissioners of roads and revenues in the counties of Floyd, Berrien, Effingham, Schley, Sumter and Greene," is not in conflict with art. 3, sec. 4, par. 5 of the constitution of 1868. There is but one subject-matter referred to in the act, and that is the creation of a board of commissioners for the counties named; and that subject-matter and no other is clearly expressed in the title of the act.

April 4, 1888.

Local legislation. Constitutional law. Before Judge ATKINSON. Effingham superior court. May term, 1887.

Spier *et al.*, commissioners of roads and revenues of Effingham county, recovered a judgment against Morgan, and he moved to set it aside because there were no commissioners of roads and revenues for said county the act

organizing said board being unconstitutional, null and void. This motion was sustained, and the commissioners excepted.

J. G. & D. H. CLARK, for plaintiffs in error.

DENMARK & ADAMS, *contra.*

BLANDFORD, Justice.

The only question in this case is, whether the act of December 13, 1871, (acts 1871–2, 222,) is violative of the constitution of 1868, article 3, section 4, paragraph 5, which provides that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof. The court below held that it was unconstitutional and void, because, he says, it contains more than one subject-matter. The title to this act is, " An act to create a board of commissioners of roads and revenues in the counties of Floyd, Berrien, Effingham, Schley, Sumter and Greene."

This is a case to be decided more by instinct than by logic or ratiocination. Suppose the title to this act had been " An act to create a board of commissioners of roads and revenues in the several counties of this State," and the body of the act so provided, would it be contended seriously that it referred to more than one subject-matter because it extended to all the counties of the State? How, then, can it be said to refer to more than one subject-matter because it creates a board of commissioners of roads and revenues for certain counties in the State, less than all the counties of the State? We think it is clear that the act refers to but one subject-matter, and that subject-matter is the creation of a board of commissioners for the counties named. And it does not make any difference how few or how many counties of the State are embraced in an act of this character; it has but one purpose and object. We think, therefore, that the decision of the court below should be reversed.