LLOYD *et al. v.* RICHARDSON, tax-collector, *et al.*

1. The act approved August 15, 1923 (Ga. Laws 1923, p. 39), entitled, "An act to levy a tax upon dealers in cigarettes and cigars; to provide for the collection of such tax," etc., is not unconstitutional on the ground that it contains or refers to more than one subject-matter.

2. The act referred to does not violate the clause of the constitution of this State relating to the uniformity of taxation.

3. It is not obnoxious to the interstate-commerce clause of the Federal constitution, nor to the clause of the constitution of the State guaranteeing that protection to person and property shall be impartial and complete; nor is it unreasonable and confiscatory; nor does it violate the due-process clause in the State and Federal constitutions.

No. 4229. July 3, 1924.

Petition for injunction. Before Judge Bell. Fulton superior court. January 16, 1924.

E. K. Lloyd and others, retail dealers in cigars and cigarettes, brought their petition for injunction, etc., against W. S. Richardson as tax-collector of Fulton County, and John M. Vandiver as commissioner of revenue for the State of Georgia. There were numerous parties plaintiff in the original petition, and other parties plaintiff came in by way of intervention. Petitioners prayed that the defendants be enjoined from enforcing, by means of the issuance of tax executions against petitioners, or by the institution of criminal proceedings, the provisions of the act approved August 15, 1923 (Ga. Laws 1923, p. 39), entitled, "An act to levy a tax upon dealers in cigarettes and cigars, to provide for the collection of such tax," etc. At the interlocutory hearing the judge refused an injunction, and petitioners excepted.

*Dorsey, Brewster, Howell & Heyman, Mark Bolding, Underwood, Pomeroy & Haas,* and *Herman Heyman,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, J. H. Milner, L. D. McGregor, S. M. Smith, G. E. Maddox,* and *N. E. Harris,* for defendants.

BECK, P. J. The merit of the petitioners' claim to the equitable relief sought depends upon the contention that the act imposing the tax in question is unconstitutional. There are several grounds set forth in the petition upon which it is insisted the act is unconstitutional and void. The ground of unconstitutionality of the act which is argued most at length and most earnestly is the one based upon the contention that the act violates article 3, section 7, paragraph 8, of the constitution of this State, which inhibits the passage of any law referring to more than one subject-matter.

Subsections (a) and (b) of section 1 of the act are as follows: "(a) There shall be levied upon and collected from each person, firm, or corporation, engaged in selling cigarettes and cigars at

retail, a tax of ten per centum of the sales price at retail of each package of cigarettes and each cigar sold by such dealer. (b) Each dealer shall pay said tax to the Comptroller-General of the State of Georgia, who shall thereupon furnish to such dealer stamps of such design and denominations as may be prescribed by said Comptroller-General; and it shall be the duty of each dealer to affix to each package of cigarettes and each cigar a stamp, or stamps, furnished by said Comptroller-General, evidencing the payment of the tax imposed by this act, and to cancel such stamps, before said cigarettes or cigars are offered for sale." And subsections (c), (d), and (e) of section 1 relate to penalties for failure to pay the tax, and for counterfeiting stamps, etc., and to evidence of the violation of the act. Section 2 allocates the funds raised by the taxation, providing that $250,000 of the funds raised by this tax for the years 1924 and 1925 shall be appropriated to the State Board of Health for the purpose of building and equipping new buildings for the State Tuberculosis Sanatorium at Alto; and the balance of the funds raised by this taxation to be appropriated to the payment of pensions then due and to become due under certain pension acts referred to. Section 3 of the act provides that dealers in cigarettes and cigars shall not be required to pay any additional occupation tax to the State to that imposed by this act, nor shall any other tax be required of cigar dealers.

We cannot agree with counsel for plaintiffs in error in their contention that this act contains more than one subject-matter. The subject-matter of the act is the levying of a tax upon retail dealers in cigarettes and cigars. That is the one single, outstanding subject-matter of the act in the sense in which the word "subject-matter" is used in the clause of the constitution referred to. "The 'subject' of an act is the matter or thing forming the ground work of the act, which may include many parts or things, so long as they are all germane to it and are such that if traced back they will lead the mind to the subject as the generic head. . . An act is not unconstitutional because more than one object is contained therein, where the objects are germane to the main subject, or they relate directly or indirectly to the main subject, and have a mutual connection with and are not foreign to the subject of such act, or when the provisions of the act are

of the same nature and come logically under one subject." 25 R. C. L. 844. We are of the opinion that the appropriation of funds raised by taxation is germane to the subject of taxation itself. Appropriation follows taxation; they are so intimately connected that we cannot have the one concept, under our system of government, without its bringing before the mind the other. It may be true that the legislature generally passes acts for levying taxes without including in the same bill provisions for their appropriation; but taxation and appropriation are so closely related, so intimately associated in our minds, that where the object of the taxation is indicated by naming the subject or object to which the fund which it is proposed to raise by the levy of such tax is allocated, no surprise can be created; but the natural order of things seems to have been followed. The provision of this act appropriating the funds, it seems to us, is more closely germane to the main subject of the act (that is, the imposing of the tax) than are many provisions in acts which have been upheld, relating to the raising of funds and the appropriation of those funds to the main object of the act under which the funds appropriated were raised. In the case of *Carroll* v. *Wright,* 131 *Ga.* 728, 746 (63 S. E. 260), it was held that there is not any constitutional inhibition "against the raising and the appropriation of revenue for a specific purpose in the same act; and it would seem that this might be very appropriately done in an act like the one under consideration, where the sole purpose of raising the revenue contemplated by the act is for the single object to which the appropriation is made." It is true that in the case last referred to the appropriation made was for a "single object," while here the appropriation is for two objects. But in the *Carroll* case the ruling was directly made that the fact that the same act provides for the raising of revenue and for its appropriation does not render it obnoxious to the constitutional provision against the duplicity of subjects. It authorized the conclusion which we have announced above, that the appropriation of the revenue to be raised by the imposition of a tax is germane to the main subject of the act, where that main subject is the levying of a tax. And if in an act imposing a tax it is not introducing foreign matter to provide for its appropriation, it seems clear that the appropriation might be made to any of the objects to which it is permissible to make ap-

propriation, either in the general appropriation act or in special appropriation acts. The provision in the organic law is against duplicity or multiplicity of subjects which constitute the main objects of the act, and is not aimed at objects or subjects which are germane to the main subject-matter included in it. If it were, the various decisions of this court upholding acts for the incor- ·poration of towns and cities could not be defended; for in many of those acts, under a general statement of the purpose of the act, to wit, that it is an act for the incorporation of this or that city, provisions are made in the body of the act itself for the raising of funds by taxation, and the appropriations of the funds thus raised to various objects are also made. It is not necessary to quote from or cite these decisions upholding these acts; they are numerous and familiar.

In the case of *Black* v. *Cohen*, 52 *Ga.* 621, it was held that under a title to authorize the Mayor and Council of the City of Rome to subscribe for stock in one railroad upon certain conditions, and for other purposes, and a provision in the act authorizing the City of Rome to subscribe for stock in any other railroad which might be projected and which had its terminus in that city, upon certain conditions, the fact that an act and an amendment thereto authorized the subscription by said corporation to two or more railroads did not render them unconstitutional as referring to more than one subject-matter. In the case of *Hope* v. *Gainesville*, 72 *Ga.* 246, it was said: "Because the means are provided in the act by which this railroad is to be laid out and constructed and the object of the legislature effected, it is said it renders the act void, as containing more than one subject-matter. We do not think so. When it is plain by the act a certain thing is to be done, any instrumentality authorized by the act in aid of, to conduce to, to assist the one great purpose of the act is not a different subject-matter, but is part of the main subject-matter; it is a part of the 'substantial unity in the statutable object,' and is not unconstitutional." In the case of *Caldwell* v. *Barrett*, 73 *Ga.* 604, it was said: "There is but one purpose contained in the act, and that is that the sale of intoxicating liquors shall be forbidden in that county, if the qualified voters shall so declare; and the provisions as to·the election and the mode and manner in which it shall be held, and the vote ascertained and declared, are ger-

mane to and grow out of the main object and purpose of the act, and are not different matter therefrom, but merely help and assist in carrying the main object and purpose of the legislature into effect. See *Hope et al.* v. *Mayor etc. of Gainesville,* decided at the last term of this court, where this question is fully considered and decided." And in the case of *Spier* v. *Morgan,* 80 *Ga.* 581 (5 S. E. 768), where the court had under consideration an act "to create a board of commissioners of roads and revenues in the counties of Floyd, Berrien, Effingham, Schley, Sumter, and Greene, it was said: "This is a case to be decided more by instinct than by logic or ratiocination. Suppose the title to this act had been, 'An act to create a board of commissioners of roads and revenues in the several counties of this State,' and the body of the .act so provided, would it be contended seriously that it referred to more than one subject-matter because it extended to all the counties of the State? How, then, can it be said to refer to more than one subject-matter because it created a board of commissioners of roads and revenues for certain counties in the State, less than all the counties of the State? We think it is clear that the act refers to but one subject-matter, and that subject-matter is the creation of a board of commissioners for the counties named. And it does not make any difference how few or how many counties of the State are embraced in an act of this character; it has but one purpose and object." Many other cases predicated upon similar principles could be cited here; many are cited in the briefs of counsel for plaintiffs in error, but we deem it unnecessary to set them out in this decision. The writer, speaking for himself, is of the opinion that the case of *Spier* v. *Morgan,* supra, from which the last quotation is taken, is not entirely sound, but it is referred to here to show how far this court has gone to avoid holding an act unconstitutional where there is any doubt about it. The controlling question as to this ground of objection to the constitutionality of the tax act in question was settled when we held that there is no constitutional inhibition against the' raising and the appropriation of revenue for a specific purpose in the same act. The fact that the appropriation is made for two or more objects, where the main subject-matter of the act is the raising of the tax, does not bring the act within the inhibition against having more than one subject-matter in the act.

And it also follows from what we have said above that the act under consideration is not in violation of article 3, section 7, paragraph 9, of the constitution of this State, which contains the provision that "All other appropriations shall be made by separate bills, each embracing but one subject." As we have pointed out, the single subject of this act is the levying of the tax specified, and the appropriation is the subsidiary object and germane to the main subject. For we cannot agree with the contention of counsel that the main purpose and subject of the act is the appropriation of the funds, and that the tax on cigars and cigarettes is "merely incidental and secondary to the purpose and intent of making the appropriation therein contained to two separate and distinct, disconnected objects."

Nor do we think that the act is in violation of article 7, section 2, paragraph 1, of the constitution of this State, relating to the uniformity of taxation. That the uniformity required by this section of the constitution is observed, is manifest upon reading the act. It frequently happens that it is difficult to literally and exactly secure uniformity in taxation, but in the present case it cannot be doubted that that requirement of the law has been met. The provision in the paragraph of the constitution last referred to, that taxation should be ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, refers to taxation on property, and has nothing to do with an excise or business tax. *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795). And it may be profitable to compare the act here attacked with the act under consideration in the case of *Wright* v. *Hirsch,* supra, and it will be seen at once how a more perfect uniformity has been attained in the act now under consideration than was attained in the act under consideration in that case. Nevertheless the act under consideration in the *Hirsch* case was held to be good as against the attacks there made, one of which was that there was a lack of that uniformity which is required by our constitution.

The act of August 15, 1923, supra, is not void on the ground that it is obnoxious to the interstate-commerce clause of the Federal constitution. The tax is not imposed until after the shipment of the goods to the retail dealer has been made and the transportation is ended and the goods are there ready for sale to the cus-

tomers; that is, it is not imposed until the goods have been brought into the State and have entered into the body of merchandise here situated. Such goods have lost their character as articles of interstate commerce, and have become subject to local taxation. Phillips *v.* Raynes, 136 App. Div. 417 (120 N. Y. Supp. 1053); City of Newport *v.* Wagner, 168 Ky. 641 (182 S. W. 834, Ann. Cas. 1917A, 962); Cooley on Taxation (4th ed.), 818 et seq.

We deem it unnecessary to discuss the claim made by the petitioners that the act in question is in violation of the constitutional provision that protection to person and property being the paramount duty of the government, it shall be impartial and complete; or the further contention advanced, that the act is unreasonable and confiscatory and ·deprives the petitioners of their property without due process of law. These last two contentions are clearly without merit.

Wherefore we are of the opinion that the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*