PARKS *v.* ASH.

No. 7046.   JULY 12, 1929.   REHEARING DENIED AUGUST 7, 1929.

*W. S. Gaillard, B. Frank Whelchel, B. P. Gaillard Jr.,* and *J. G. Collins,* for plaintiff in error.

*Wheeler & Kenyon,* contra.

BECK, P. J. W. L. Ash brought quo warranto proceedings to test the right of H. F. Parks to hold office as a member of the board of commissioners of roads and revenues of Lumpkin County, and, as the ground of such proceedings, contended that Parks was ineligible to a place on the board, because he had served as a member of the board of county tax-assessors up to March 12, 1928, and was therefore ineligible to hold any other county office for one year thereafter. Parks filed a response in which, among other grounds of resistance to the proceedings, he insisted that the law declaring one ineligible to hold another county office while acting as tax-assessor and for one year thereafter was unconstitutional; and further claimed that he had abandoned the office of tax-assessor in June, 1927, which was more than a year before he was elected to the position on the board of commissioners of roads and revenues. The judge of the superior court, having determined that an issue of fact was involved, submitted the case to a jury, who returned a verdict finding Parks ineligible to hold the office claimed. Parks filed a direct bill of exceptions to this court.

■ ■ The rulings made in the first two headnotes require no elaboration.

■ In the course of the instructions to the jury the court charged as follows: "When a person abandons an office, he must do so wilfully and voluntarily. It must be done in that manner, and he can give it up wilfully and voluntarily or cease to perform its duties in that manner; and it is for you to say whether or not Mr. Parks did that in June, 1927, as he contends, or whether he continued to be tax-assessor until February or March, 1928, and so considered himself at that time. In this connection you are instructed that if Mr. Parks, in February, 1928, signed a written resignation in which he characterized himself as a member of the board of tax-assessors for the County of Lumpkin, and if he at that time time considered himself as a member of that board, then he would be estopped in law to deny that he was such tax-assessor, and your finding should be in favor of the relator, W. L. Ash, if

you find that to be true." One of the contentions of the respondent was that he had abandoned the office in June, 1927. If he had completely and absolutely abandoned the office on the date mentioned, then he had ceased to be a member of the board of tax-assessors more than a year prior to the date of his election to the board of commissioners of roads and revenues, and did not fall within the provisions of the act of 1913 (Ga. L. 1913, p. 123), which establishes the board of county tax-assessors, and did not fall within the provisions of that act which declares that "The members of said board [of tax-assessors] during the time they hold their office and for one year thereafter, shall be ineligible to hold any State, county, or municipal office;" for if Parks actually abandoned the office in June, 1927, he no longer held the office; but, "in order to constitute an abandonment of an office, it must be total, and under such circumstances as clearly to indicate an absolute relinquishment; the determination of the question whether an officer has abandoned an office is dependent upon his overt acts rather than upon his declared intention, and the law will infer a relinquishment where the conduct of the officer indicates that he has completely abandoned the duties of the office." 46 C. J. 981.

If Parks had actually abandoned the office, so as to totally sever his connection therewith, the fact that he subsequently, that is, in February, 1928, signed a written resignation in which he characterized himself as a member of the board of tax-assessors for the County of Lumpkin would not be conclusive that he had not actually, prior to that date, abandoned the office. He might possibly have signed a written resignation for the purpose of clearing up doubts in the minds of others as to whether he had, prior to the date of the resignation, actually terminated his connection with the office. Consequently, it was error for the court to instruct the jury, as appears from the extract from the charge quoted above, that "if Mr. Parks, in February, 1928, signed a written resignation in which he characterized himself as a member of the board of tax-assessors for the County of Lumpkin, and if he at that time considered himself as a member of that board, then he would be estopped in law to deny that he was such tax-assessor." While the issuance of the written resignation in February, 1928, might be strong evidence that Parks had not abandoned the office in the preceding month of June, nevertheless he was not con-

cluded by the resignation from asserting that he had actually abandoned the office; for if he had actually and totally abandoned the office, he was no longer a member, and the mere statement afterwards that he was a member did not have the effect of restoring him to membership nor estop him from asserting his non-membership in the board of tax-assessors. But taking all the evidence as to the abandonment of the office of tax-assessor by the respondent, that is, considering his own evidence and the facts shown in the case, there is nothing that establishes to that degree of certainty which we have stated that he had actually abandoned the office. No public declaration of his is shown prior to the signing of the resignation; no overt act, no declination to participate in any meeting that was held. It may be inferable that he did nothing in connection with the office of tax-assessor from June, 1927, to February, 1928, but it does not appear that he refused and declined to do anything that he was called upon to perform, in such a way as to show that he had abandoned the office; and the jury would not have been authorized to find that he had abandoned the office. Consequently the error in the charge which we have referred to, relating to the subject of abandonment, could not have injured the respondent, and therefore it does not constitute ground for the grant of a new trial.

■ ■ The court charged the jury in part as follows: "I give you this rule with reference to tax-assessors: The members of said board, during the time they hold their office and for one year thereafter, shall be ineligible to hold any State, county, or municipal office. Now you are instructed that if you find from the evidence that has been introduced upon the trial of the case that H. F. Parks was appointed tax-assessor in May, 1926, as contended by the relator, Mr. Ash, and took an oath and acted as a tax-assessor and continued to do so, to perform any duties that are incumbent upon him as such tax-assessor, if you find that to be true, that he did those things, then you are instructed that he was a tax-assessor of this county up until the time of his resignation. And you are further instructed, gentlemen, in this connection, if you find that to be true, and if he was elected a county commissioner of this county before the expiration of one year from the time that he ceased to be a tax-assessor of this county, that he was ineligible to be elected as such county commissioner and is in-

eligible to hold the office as such county commissioner; the law with reference to tax-assessors being as the court has just read to you, that is, that a tax-assessor is ineligible to hold any other office during the time he is tax-assessor or until the expiration of one year from the time he ceased to be a tax-assessor. And if you find from the evidence that that is the truth of this matter, your finding would be in favor of W. L. Ash, the relator in this proceeding." This charge is excepted to. Several of the exceptions are based upon constitutional grounds, but in substance they amount to the contention that the charge is based upon the provision in the act of 1913, wherein it is declared that "the members of said board during the time they hold their office and for one year thereafter shall be ineligible to hold any State, county, or municipal office;" and that this provision in the act is unconstitutional, first, because the caption is not broad enough to cover it, and no reference is made to this matter in the caption, and it is therefore violative of the provision of the constitution that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof; and second, that it imposes a disqualification to hold office not prescribed by the constitution, and that it was not competent for the legislature to do this by statute.

Neither of these constitutional objections to the statute is valid. In the caption of the act it is recited that it is an act "to regulate the return and assessment of property for taxation in this State; . . to create and provide county boards of tax-assessors in each county; to fix their qualifications and compensation; to provide for their appointment and removal and term of office," etc. We are of the opinion that that portion of the caption which indicates that the act is to fix the "qualifications" of the tax-assessors was in itself sufficient to authorize the incorporation in the act of the provision for their disqualification. That which would render the members of the board disqualified is necessarily related to the subject of qualification. As to the other ground, to wit, that the provision that a tax-assessor during the time he holds his office and for one year thereafter shall be ineligible to hold any State, county, or municipal office is unconstitutional because it imposes a disqualification to hold office not prescribed by the constitution, and that it was not competent for the legislature to do this by statute,

we are of the opinion that this contention is not sound. Counsel for plaintiff in error, urging this contention, rely upon those portions of the State constitution embodied in Code sections 6404, 6406, and 6407, which relate to the subject of disqualification to hold office. Section 6404 disqualifies those convicted of named crimes, idiots and insane persons; section 6406 disqualifies those holding public funds contrary to law, until the same are accounted for; and section 6407 disqualifies one who shall have been engaged in a duel. But we do not think that the framers of the constitution intended that these sections should be exhaustive as to the disqualification of persons to fill offices that might be created by statute. Certain offices are created by the constitution itself, and in certain cases the constitution prescribes the qualifications which will prevent one from holding or being eligible to such office; and where the constitution does thus fix the grounds of qualification and disqualification, the legislature can not by statute take from or add to those grounds. But the office of county tax-assessor and membership in the board of commissioners of roads and revenues are not fixed by the constitution, and those bodies are not created by the constitution. They are the creatures of statutes; and that being true, the legislature, which enacts the law that establishes either of these boards, can deal with the subject of qualification and disqualification, provided they do not impinge on any express provision in the constitution of the State or of the United States. Some broad language was used in the case of *White* v. *Clements,* 39 *Ga.* 232; but the opinion in that case was rendered by a divided court, and the precise question with which we are dealing was not there involved. We are satisfied that the provision in the statute which creates the board of tax-assessors, which is here under consideration, is not violative of the sections of the constitution last referred to.

The rulings made in the 6th and 7th headnotes require no elaboration.

*Judgment affirmed. The other Justices concur, except Russell, C. J., and Hill, J., who dissent.*

Russell, C. J., dissenting. I can not concur in the ruling in regard to the charge of the court with reference to abandonment of the office. There can be an abandonment of an office, just as a change of residence, without any notorious declaration whatsoever.

An absolute refusal to perform the duties of an office might constitute an abandonment, without any declaration whatever explicitly stating that the officeholder had abandoned his trust. Furthermore, I can not agree with the conclusion reached by the majority of the court that the charge which is conceded to be error is harmless. The ruling is based upon the fact that there was indeed no evidence of abandonment, no sufficient evidence to show that this candidate had abandoned his former official position. It is a well-settled rule that it is always error for the court to confuse the jury by charging upon a theory that has no evidence upon which it can be predicated. *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880). I am authorized by Mr. Justice Hill to say that he concurs in this dissent.

GILBERT, J. I concur in the judgment of affirmance and all that is said in the majority opinion, except in one particular. I do not concur in the view that the charge quoted in the third headnote is erroneous.

HINES, J. I concur in what is said by Mr. Justice Gilbert.