No. 9707. FEBRUARY 13, 1934.

FELTON *v.* HUIET.

BECK, P. J.   1. By the act of October 14, 1879 (Ga. L. 1878-9, p. 125, Civil Code of 1910, § 2618), the legislature created the office of railroad commissioner and provided that "any commissioner may be suspended from office by order of the Governor, who shall report the fact of such suspension, and the reason therefor, to the next General Assembly; and if a majority of each branch of the General Assembly declare that said commissioner shall be removed from office, his term of office shall expire." The provisions of this law as to suspension by the Governor as quoted above were not repealed by the act of August 21, 1922 (Georgia Laws 1922, p. 145), entitled, "an act to change the name of the Railroad Commission, to the Georgia Public-Service Commission; to revise, enlarge, and define the duties and powers of what shall after the passage of this act be known as the Georgia Public-Service Commission; to provide a fee to be collected from all public-utility companies for the maintenance of said commission; to give said commission authority to employ such experts, clerks, statisticians, engineers, secretary, and such other help as in the opinion of the commission may be necessary, and to fix the compensation of each; to provide rules of procedure; and for other purposes," and repealing conflicting laws. The act of 1922 did not refer to the former law, and nothing contained therein is in conflict with the quoted provision as to suspension.

2. Nor did the act of 1906 (Ga. Laws 1906, p. 100), making the office of railroad commissioner elective by the people, repeal the provisions of the act of 1879.

3. The provision as to suspension, as contained in the act of 1879, does not violate the clause of the constitution of this State, providing that "Protection to person and property is the paramount duty of government and shall be impartial and complete;" nor does it violate the further constitutional provision that "No person shall be deprived of life, liberty, or property, except by due process of law." .

4. A public office is a public trust or agency, and is not the property of the incumbent thereof, and when he is suspended from such office he is not deprived of any property. The office of public-service commissioner is a statutory office, and the power of the legislature is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference to such offices. So far as these questions are concerned, the petitioner accepted the office subject to the provisions of the legislative act, and is bound by the terms thereof.

Accordingly, the fact that the petitioner may conceive that his character and reputation are assailed does not render the statute unconstitutional on the ground stated.

5. The provision that the Governor may suspend a particular officer is not a special law for which provision has been made by an existing general law, and therefore does not contravene article 1, section 4, paragraph 1, of the constitution of this State.

6. The suspension clause of the act of 1879 does not contravene the due-process and equal-protection clauses of the State or Federal constitution on the ground that the statute does not provide for any notice and hearing, and does not state the causes for which the suspension may be ordered, or upon the ground that it is indefinite.

7. While the Governor must suspend for certain causes specified in the Civil Code, § 2620, his power of suspension is not limited to such causes; but he may, under section 2618, suspend a commissioner for any cause satisfactory to himself.

8. Practically all the questions referred to above were decided adversely to the contentions of the plaintiff, in *Gray* v. *McLendon*, 134 *Ga.* 224 (67 S. E. 859), where it was said: "Under the provisions above quoted of the act of 1879, the Governor, for any reason satisfactory to himself, had the power to suspend from office any railroad commissioner, and a majority of the House and Senate, for any reasons satisfactory to themselves, had the power to remove from office a commissioner previously suspended by the Governor." It is unnecessary to repeat the elaborate reasoning of the decision in that case. As to any additional contentions made by the plaintiff in the instant case, they are without merit. A motion is made to review and overrule the case of *Gray* v. *McLendon*, supra, which the court declines to do.

9. The foregoing rulings in no wise adjudicate the question of whether or not the charges made against the commissioner involve malfeasance or misfeasance in office.

10. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9890. DECEMBER 22, 1933. REHEARING DENIED MARCH 1, 1934.

*Felton & Felton,* for plaintiff.

*M. J. Yeomans, attorney-general, J. J. E. Anderson, D. M. Parker, B. D. Murphy,* and *J. T. Goree, assistant attorneys-general, Ellis Barrett, E. E. Andrews, Frank Harwell, Elbert P. Tuttle, Marion Williamson,* and *Madison Richardson,* for defendant.