21254. WEEKS v. GEORGIA STATE HIGHWAY AUTHORITY *et al.*

ARGUED MAY 9, 1961—DECIDED JUNE 8, 1961.

*M. Cook Barwick, Wilson, Branch & Barwick,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene Cook, Attorney-General, Henry G. Neal, Assistant Attorney-General, B. D. Murphy Deputy Assistant Attorney-General, Buchanan, Edenfield & Sizemore, Spalding, Sibley, Troutman, Meadow & Smith, Pope McIntire,* contra.

QUILLIAN, Justice. ■ The plaintiff in error admitted in his brief that all points raised by him except the two questions specified in the statement of facts have been decided adversely to him by this court. This is true, and such questions are put to rest. *McLucas v. State Bridge Bldg. Authority,* 210 Ga. 1 (77 SE2d 531) ; *State of Ga. v. Georgia Rural Roads Authority,* 211 Ga. 808 (89 SE2d 204).

■ The plaintiff in error contends that the State Highway Authority was not an authority existing prior to the adoption of the 1960 amendment to the Georgia Constitution, and for this reason that the Georgia State Highway Authority, the lease contract, the bonds, and the trust indenture are not within the coverage and protection of that constitutional amendment. The controlling question presented to this court for determination is whether the Georgia State Highway Authority was "created and activated" at the time of the effective date of the 1960 constitutional amendment.

The legislature may, without interrupting an authority's existence, make such changes in the powers of an authority or other State agency as are germane to its original powers. *Lloyd v.*

■

*Richardson*, 158 Ga. 633 (124 SE 37); *Hines v. Etheridge*, 173 Ga. 870 (162 SE 113); *Clay v. Central R. & Bkg. Co.*, 84 Ga. 345 (2) (10 SE 967). If the additional power or functions given to the authority under the amendatory act are of the same, a similar, or related nature to that possessed by it prior to the amendment, the mere change of the name by which the authority is designated does not have the effect of destroying the existing authority and creating a new one. In such circumstances, the original authority remains the same legal entity with its identity unaffected by the amendatory act. In this connection, see *Georgia Public-Service Commission v. City of Albany*, 180 Ga. 355 (179 SE 369); and *Felton v. Huiet*, 178 Ga. 311 (173 SE 660).

In determining what matter is germane to the original powers of the Georgia State Bridge Building Authority, the subject of the act creating it must be examined. "The 'subject' of an act is the matter or thing forming the ground work of the act, which may include many parts or things, so long as they all are germane to it and are such that if traced back they will lead the mind to the subject as the generic head. . . An act is not unconstitutional because more than one object is contained therein, where the objects are germane to the main subject, or they relate directly or indirectly to the main subject and have a mutual connection with and are not foreign to the subject of such act, or when the provisions of the act are of the same nature and come logically under one subject." *Lloyd v. Richardson*, 158 Ga. 633, supra, at p. 635. The State Bridge Building Authority was created to provide for the construction of bridges and approaches thereto not to exceed three miles of highway on both sides of the bridge. Ga. L. 1953, pp. 626, 628; *Code Ann.* § 95-2303. "*Highway* or *road*, includes bridges upon the same. . ." *Code* § 102-103. Other pronouncements of this court make crystal clear that bridges and their approaches constitute a part of the State's highway system. *State of Ga. v. Toll Bridge Authority*, 210 Ga. 690 (82 SE2d 626); *McLucas v. State Bridge Bldg. Authority*, 210 Ga. 1, supra. The construction of bridges and their approaches could hardly be more

closely related to construction of highways of which they form an integral part. The authority conferred upon the State Highway Authority by the act of 1961 was related, pertinent, and germane to the powers originally possessed by it when it was operating as the State Bridge Building Authority. It follows that the State Highway Authority was created and activated by the act of 1953 and was one of the authorities within the purview of the constitutional amendment of 1960.

■ The second question presented by the plaintiff in error is whether the Georgia State Highway Authority, the lease contract, the trust indenture, and the bonds come within the protection and purview of the 1960 amendment to Article VII, Section IX, Paragraph IV of the Georgia Constitution. Article VII, Section IX, Paragraph IV of the Constitution, as amended in 1960, provides in effect that there be appropriated for each fiscal year "for all activities incident to providing and maintaining an adequate system of public roads and bridges in this State" a sum equal to the Motor Fuel Tax collections for the previous year less refunds, rebates, and collection costs authorized by law. The plaintiff in error contends that rental proceeds paid by the State as lessee of public roads owned by the Georgia State Highway Authority will not be used to provide and maintain a system of roads and bridges. We cannot accept that contention.

The whole purpose of the act of 1935 in creating and activating the State Bridge Building Authority and the act of 1961, which changed the name of the authority to the Georgia State Highway Authority and expanded the scope of its activities, was, through the medium of the Authority, to provide and maintain an adequate system of public roads and bridges in this State. It follows that the design of the two acts was to conform to and carry out the constitutional requirement that the funds accruing from the Motor Fuel Tax be used in providing and maintaining a system of roads and bridges throughout the State. The enactments of 1953 and 1961 could not have adhered and conformed more closely to the constitutional amendment of 1960. The acts creating and activating the Authority provided that the funds necessary to accomplish the establishment and

maintenance of the system of roads and bridges be channeled through the Authority. According to the provisions of the act referred to, such funds when paid by the State to the State Highway Authority were designated as rent, but whether they be considered as rent or not, the end to which they were to be applied was to provide and maintain an adequate system of roads in this State. The lease was unquestionably "incident to providing and maintaining an adequate system of public roads and bridges."

*Judgment affirmed. All the Justices concur.*