27819. NATHAN et al. v. SMITH et al.

JORDAN, Justice. The initial stages of this litigation are reported in *Nathan v. Self,* 229 Ga. 622 (193 SE2d 824). Nathan was the successful candidate for solicitor of the State Court of Glynn County in the 1972 general election, and on November 8, 1972, was certified as elected to the office. Thereafter the plaintiffs amended their complaint, seeking a new election and injunctive relief, contending that Nathan would be ineligible to take office on January 1, 1973, because he could not meet the statutory requirement of having engaged in the active practice of law for three years before taking office ( § 12, Ga. L. 1970, pp. 679, 682; Code Ann. § 24-2111a),having been admitted to practice on October 26, 1970. Nathan contends that this statutory qualification is an arbitrary selection of time for a determination of ability and violates his right to equal

protection of the law under the Fourteenth Amendment to the Constitution of the United States and Art. I, Sec.I, Par. II of the Constitution of Georgia.

An order of the trial court dated December 29, 1972, purports to dispose of the case by declaring that Nathan was ineligible to take office on January 1, 1973, and that § 12 of the 1970 Act is not unconstitutional for any reason asserted by the defendants. The order further enjoins Nathan from taking and holding the office for the term commencing January 1, 1973, and provides for a new election at any time upon expiration of 30 days after the filing of the order, subject to a supersedeas until the entry of final judgment on any appeal. The defendants appeal this order. *Held:*

"[T]he power of the legislature is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference to such offices." *Felton v. Huiet,* 178 Ga. 311 (4) (173 SE 660). Where an office is the creature of the legislature that body can deal with the subject of qualification and disqualification, provided that in so doing it does not impinge upon any express provision of the Constitution of the State or United States. *Parks v. Ash,* 168 Ga. 868, 874 (149 SE 207). The only constitutional provisions here asserted are those of the state and United States providing for equal protection of law. "It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied." *Baugh v. City of LaGrange,* 161 Ga. 80 (2a)(130 SE 69). The law here involved, relating to an office created by the legislature, as to which the legislature has prescribed the objective qualification that one must have been engaged in the active practice of law for three years before taking office (§ 12, Ga. L. 1970, pp. 679, 682; Code Ann. § 24-2111a) does not deny to Nathan the equal protection of law. It simply limits eligibility to hold office to a class of persons which does

not include Nathan or anyone else similarly situated, and in so doing requires a quantum of experience similar to that required under the State Constitution for the similar position of a district attorney. See Art. VI, Sec. XIII, Par. I (Code Ann. § 2-4801). Our law is replete with constitutional and statutory classifications respecting eligibility to hold office, and it is not unreasonable to require that a public prosecutor must have three years experience as a practicing attorney before taking office. The trial judge did not err in rejecting the reasons advanced for declaring the law unconstitutional and in declaring Nathan ineligible for the office.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1973—DECIDED MAY 10, 1973—
REHEARING DENIED MAY 24, 1973.

*Taylor, Bishop & Lee, A. Blenn Taylor, Jr., Ivan H. Nathan, A. A. Nathan,* for appellants.

*Alan B. Smith, J. Robert Henry, J. Wesley Jernigan,* for appellees.