## 64814. WATTS v. POLK COUNTY, GEORGIA.

BANKE, Judge.

The appellant sued to recover wages lost as a result of his removal from the office of county tax assessor. The appellant obtained employment as an appraiser in the tax assessors' office on September 18, 1973. While still serving as an appraiser, he was appointed to a 6-year term as tax assessor beginning January 1, 1974. He continued to serve in both posts until July 1, 1976, when he was removed as tax assessor due to the enactment of Ga. L. 1976, pp. 1744, 1746 (Code Ann. § 92-6905(h)), which provides that no person who is a county tax appraiser shall be eligible to serve as a member of the county board of tax assessors. The appellant continued to serve as a tax appraiser until September of 1977, with no reduction in his total salary and without raising any objection to the county's action. In September of 1977 he was discharged from his job as tax appraiser, and it is from this point that he seeks to recover his wages as a tax assessor. On appeal from the trial court's grant of summary judgment in favor of the county, the appellant contends that the 1976 statute cannot lawfully be applied so as to disqualify tax assessors already in office as of the date of its enactment and that the county violated its constitutional obligation to provide him with notice and a hearing prior to his discharge as tax assessor. *Held:*

"[T]he legislative power of the State is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference to such offices. The incumbent of such an office does not hold the same by virtue of any sort of contract, express or implied, with the State or its lawmaking power, which gives him a vested right in the office." *Collins v. Russell,* 107 Ga. 423, 426 (33 SE 444) (1899). See also *Nathan v. Smith,* 230 Ga. 612, 613 (198 SE2d 509) (1973). The office of tax assessor being a creature of statute, the legislature "can deal with the subject of qualification and disqualification, provided they do not impinge on any express provision in the constitution of the State or of the United States." *Parks v. Ash,* 168 Ga. 868, 874 (149 SE 207) (1929). Because the appellant had no vested right in his appointment as tax assessor, it follows that the county was empowered to remove him for his admitted failure to meet the eligibility requirement set forth in the 1976 statute. Furthermore, it is clear from the record that the appellant raised no objection to his removal as tax assessor for more than a year, until he also lost his job as tax appraiser. Indeed, he testified in his deposition that he made no objection because the arrangement was satisfactory to him. Under these circumstances, he must be held to have abandoned the office of tax assessor and to have

waived any claim which he may have had based either on his removal from that office or on the county's failure to provide him with notice and a hearing. See *Thompson v. Nichols,* 208 Ga. 147 (3) (65 SE2d 603) (1951).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 25, 1982.

*Marson G. Dunaway, Jr.,* for appellant.
*Wayne W. Gammon, Sara Nell Langland,* for appellee.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*