## S04A1782. SEARS et al. v. DICKERSON.
### (607 SE2d 562)

CARLEY, Justice.

Nancy Dickerson, a longtime employee of Augusta-Richmond County, became the Assistant Chief Appraiser of the Personal Property Section of the Tax Assessor's Office. Thereafter, pursuant to the recommendation of the Board of Tax Assessors, the County Commission voted to require that the Chief Appraiser and all of the Assistant Chief Appraisers, including Ms. Dickerson, obtain an "Appraiser IV" certification in real estate appraisal in order to keep their positions. Ms. Dickerson failed to pass the necessary examination and to achieve that certification within the time allowed, which was two and

one-half years, including extensions. Accordingly, she was demoted, her salary was decreased, and her request for reinstatement was denied. Ms. Dickerson brought suit for injunctive and declaratory relief against the Chief Appraiser, the members of the Board, and the Commissioners (Appellants). After a bench trial, the trial court concluded that Appellants violated Ms. Dickerson's constitutional right of equal protection by imposing on her an unreasonable and arbitrary requirement to obtain real estate appraisal certification which was unrelated to her position, when, unlike her, others on whom that requirement was imposed were involved in real estate appraisal and had already obtained higher certifications than she. The court declined to reinstate her, so as to avoid any harm to third parties and not to interfere with the management of the Tax Assessor's Office, but it awarded her back pay and ordered that she receive the same compensation as the current Assistant Chief Appraisers. We granted Appellants' application for discretionary appeal because the judgment is otherwise directly appealable under OCGA § 5-6-34 (a) (4).

1. Although the parties make a procedural due process argument in this Court, the trial court did not expressly address that issue below. The trial court based its holding on grounds of equal protection, not procedural due process. " 'We will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point (cit.).' [Cits.]" *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000). See also *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555 SE2d 459) (2001); *Chanin v. Bibb County*, 234 Ga. 282, 292 (5) (216 SE2d 250) (1975).

The trial court also did not rule on any issue of substantive due process. However, even assuming that the trial court's order could be read as partially relying on that concept, such reliance would be wholly misplaced, since controlling precedent of the Supreme Court of the United States " 'demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component.' [Cits.]" *Angell v. Hart*, 232 Ga. App. 222, 224 (3) (501 SE2d 594) (1998). See also Wimberly, Ga. Employment Law § 7-20, p. 319 (3rd ed. 2000).

2. Contrary to Ms. Dickerson's contention, "the protection provided in the Equal Protection Clause of the United States Constitution is coextensive with that provided in Art. I, Sec. I, Par. II of the Georgia Constitution of 1983. . . . [Cits.]" *Nodvin v. State Bar of Ga.*, 273 Ga. 559-560 (2) (544 SE2d 142) (2001). Since this case involves neither a suspect classification nor a fundamental right, we apply the rational basis standard of review. *Horton v. State Employees Retirement System*, 262 Ga. 458, 459 (2) (421 SE2d 703) (1992). The rational

basis test requires only that the legislative classification "be reasonable and not arbitrary, and rest upon some ground of difference having a fair and rational relationship to the legislation's objective, so that all similarly situated persons are treated alike. [Cit.]" *City of Atlanta v. Watson*, 267 Ga. 185, 187-188 (1) (475 SE2d 896) (1996).

As both Ms. Dickerson and the Chief Appraiser testified, it was reasonable to require the higher certification for every assistant, since each of them was required to substitute for the Chief Appraiser at times. Thus, the certification requirement clearly furthered a rational purpose. In general, an objective qualification for an office does not apply differently to similarly situated persons, but simply limits eligibility to hold that office to a certain class of persons. *Nathan v. Smith*, 230 Ga. 612, 613 (198 SE2d 509) (1973). Ms. Dickerson was similarly situated to the other Assistant Chief Appraisers, and there is no evidence that any of them were treated differently by receiving a greater amount of time to obtain "Appraiser IV" certification. Instead, she simply failed to attain the same certification which was required of all of the others who were similarly situated.

However, the trial court held that Appellants nevertheless treated Ms. Dickerson differently from the other Assistant Chief Appraisers by effectively requiring that she achieve much more within the allotted time than the others were required to accomplish. It concluded that, "[i]n essence, [Ms. Dickerson] was asked to run a road race, but given a farther distance to run than others. . . . [T]hose other appraisers, who worked in the real estate area, had obtained higher starting points." However, where, as here, a restrictive classification has some reasonable basis, it does not violate equal protection merely because it is not made with perfect symmetry or because in practice it results in some inequality. *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447, 450-451 (1) (271 SE2d 844) (1980). "It is typically the case that some [employees] will have superior knowledge as to one or more pertinent subjects on an exam by virtue of training or experience ([cit.]), and indeed the discovery of such [employees] is the point of the exam." *Patterson v. Diamond*, 726 NYS2d 427, 428 (App. Div. 2001). Furthermore, a continuing education requirement does not violate equal protection merely because some public employees are motivated to conform sooner than others to their employer's desire that they satisfy such a requirement. *Harrah Independent School Dist. v. Martin*, 440 U. S. 194, 199-201 (99 SC 1062, 59 LE2d 248) (1979).

Accordingly, we hold that Appellants were entitled to demote Ms. Dickerson and to retain as Assistant Chief Appraisers only those employees who had attained a sufficiently high level of training and

experience so as to achieve the requisite certification within a certain reasonable period of time.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 10, 2005 —
RECONSIDERATION DENIED FEBRUARY 7, 2005.

*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall*, for appellants.

*Tucker, Everitt, Long, Brewton & Lanier, John B. Long*, for appellee.