THORNTON *v.* McELROY.

No. 14092.  April 16, 1942.  Rehearing denied May 20, 1942.

*William H. Reynolds,* for plaintiff.

*Edwin S. Kemp,* for defendant.

DUCKWORTH, Justice. ■ Section 1 of the act of the General Assembly creating the board of commissioners of roads and revenues for Clayton County (Ga. L. 1910, p. 256), provides: "Said commissioners shall be freeholders and qualified voters of said county and shall reside in the road district from which they are elected." The petition charges that the respondent is not a freeholder of Clayton County, but in the briefs it is admitted that he does have such an interest in land in another county as to constitute him a freeholder. Therefore the question presented is whether the quoted portion of the act means that a commissioner shall be a freeholder "of said county." The natural and normal construction of the sentence is that the clause "of said county" relates to both "freeholders" and "qualified voters." 17 Words & Phrases, 665. This is also the reasonable construction to be given the sentence, because a person's ownership of land in one county would seem to have little or no relationship to his qualification to hold office as a county commissioner in another county, while his ownership of land in the county in which he is elected commissioner might be expected to have a direct bearing on his conduct in the performance of the duties of that office. The board of commissioners has charge of the fiscal affairs of the county, and the amount of taxes levied may depend to a large extent upon the manner in which the affairs of the county are conducted by that board. A commissioner who owns real estate in the county, which must bear its proportionate part of the cost of government, might

reasonably be expected to be more prudent in the expenditure of county money than one who does not own property in the county. While "words limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of a choice from all of those who are in fact and in law qualified" (*Gazan* v. *Heery,* 183 *Ga.* 30 (4), 187 S. E. 371), it does not follow that the courts should give words an unreasonable construction in order to uphold the right of one to hold office. Properly construed, the act creating the board of commissioners of Clayton County requires the commissioners to be freeholders of that county. Therefore, under the facts alleged in the petition, the respondent was ineligible to hold office as such commissioner.

■ On February 26, 1941, the act creating the board of commissioners of roads and revenues for Clayton County was amended. Ga. L. 1941, p. 818. That act, after redefining the areas comprising the five road districts of the county, named and appointed commissioners for each of the districts as thus defined. J. D. McElroy, the respondent, was named commissioner for district No. 3. It is contended that by naming the respondent to the office this act repealed the requirement of the original act that he should be a freeholder of the county. There is no merit in this contention. The amendatory act does not purport to change the portion of the original act requiring the commissioners to be freeholders and qualified voters of the county. Repeals by implication are never favored; and not even an implication of an intention to repeal can be found in the circumstances of the instant case. The legislature merely named as commissioner for the new district No. 3 the person who had been previously elected commissioner for old district No. 3. There is nothing to show that the legislature was aware that the person thus named was not eligible to hold the office. Neither does the fact that the legislature named the respondent as one of the commissioners of roads create a conclusive presumption that he was qualified and eligible to hold the office. *Malone* v. *Minchew,* 170 *Ga.* 687 (5) (153 S. E. 773). The qualification or eligibility of such an appointed officer may be determined by the courts in a proper proceeding brought for that purpose. The petitioner having alleged sufficient facts to show that the respondent is ineligible to hold the office of commissioner, it

follows that the court erred in sustaining the general demurrer and dismissing the quo warranto proceeding.

*Judgment reversed.   All the Justices concur.*