*Paul R. Koehler,* for appellant.
*Russell G. Turner, Sr.,* for appellee.

25384. RAY, Treasurer v. HAND.

UNDERCOFLER, Justice. This action by the District Attorney of the South Georgia Judicial Circuit attacked the constitutionality of Section 6 of the Act of 1968 (Ga. L. 1968, p. 992) relating to solicitors general (now district attorneys, Const. Amend., Ga. L. 1968, p. 1567, ratified Nov. 1968 general election) on numerous grounds.

Section 6 provides: "No solicitor general receiving an annual salary under the provisions of section 1 shall engage in the private practice of law except to the extent necessary to complete pending matters acquired by him prior to receiving said annual salary." *Code Ann.* § 24-2927.

Section 1 provides: "Effective June 30 following the expiration of the term of office of each solicitor general of the superior courts, the present compensation and method of compensation accruing to each solicitor general shall be abolished and, in lieu thereof, each such solicitor general shall receive an annual salary of eighteen thousand dollars ($18,000), payable in equal monthly instalments from the State funds by the State treasurer, which shall include the sum provided for solicitors general by the provisions of Article VI, Section XII, Paragraph I of the Constitution of the State of Georgia." *Code Ann.* § 24-2922.

The plaintiff attacked also that portion of the constitutional

amendment which was ratified on November 8, 1966 (Ga. L. 1965, p. 765), pertaining to the authority of the General Assembly to enact eligibility requirements for State officers. It provides: "Write-in Votes. No person elected on a write-in vote shall be eligible to hold office unless notice of his intention of candidacy was given twenty or more days prior to the election by the person to be a write-in candidate, or by some other person or group of persons qualified to vote in the subject election, as follows: . . . *The General Assembly may enact other reasonable regulations and require compliance therewith as a condition of eligibility to hold office in this State.*" (Emphasis supplied.) *Code Ann.* § 2-1201a.

The plaintiff contends that this constitutional provision does not relate to this controversy. However, if it is concluded that it does affect this litigation, he contends further that the provision is not a part of the Constitution because it was not validly submitted to the voters for ratification.

The trial court entered judgment for the plaintiff. It found in the alternative that Section 6 was unconstitutional because it contained matter different from that expressed in the title or because it added a condition of eligibility for the office of district attorney which is not authorized by the Constitution. It found also that the constitutional amendment of 1965 pertaining to "Write-in Votes" was not validly submitted to the voters for ratification and was not a part of the Constitution. It decreed that the plaintiff was "authorized and entitled to hold, occupy, enjoy and possess said office, and receive all the emoluments thereof, including those provided by said Act approved April 8, 1968, free from any limitation or restriction imposed by said Section 6 thereof." The defendant appeals. *Held:*

1. "The caption of an Act need only indicate the general object and subject matter to be dealt with therein and broad enough to protect the people against covert or surprise legislation. *Bray v. City of East Point,* 203 Ga. 315, 317 (46 SE2d 257). It was never intended that the substance of an Act should be set forth in the caption, nor that every detail stated in the body thereof be mentioned in the title; if what follows after the enacting clause is definitely related to what is expressed in the caption, if it be naturally connected therewith, and relates to the main object or subject matter or legislation and is not in conflict therewith, there is no infringement

of the constitutional inhibition of including within the Act matter not referred to in the caption. *Cady v. Jardine,* 185 Ga. 9 (193 SE 869)." *State of Ga. v. Resolute Ins. Co.,* 221 Ga. 815 (2) (147 SE2d 433).

The caption of the Act states, "An Act to provide a salary from State funds for each solicitor general of the superior courts . . . to prohibit said solicitors general from engaging in the private practice of law . . . to provide when the foregoing provisions shall become effective." The Act contained provisions for the salaries of solicitors general (now district attorneys), prohibitions against their engaging in the private practice of law, and when the provisions became effective. The matter contained in the Act is definitely related to and not in conflict with what is expressed in the caption. The trial court erred in holding that Section 6 of the Act was unconstitutional because it contained matter different from that expressed in the title.

2. The Constitution of Georgia of 1945 provides: "There shall be a solicitor general for each judicial circuit" (Art. VI, Sec. XI, Par. I; *Code Ann.* § 2-4601) ". . . and no person shall be hereafter elected solicitor general, unless at the time of his election he shall have attained twenty-five years of age, shall have been a citizen of the State for three years, and shall have practiced law for three years next preceding his election." Art. VI, Sec. XIII, Par. I (*Code Ann.* 2-4801).

"Certain offices are created by the Constitution itself, and in certain cases the Constitution prescribes the qualifications which will prevent one from holding or being eligible to such office; and where the Constitution does thus fix the grounds of qualification and disqualification, the legislature can not by statute take from or add to those grounds." *Parks v. Ash,* 168 Ga. 868, 874 (149 SE 205). However, the Act of 1968 does not purport to prescribe qualifications, disqualifications, or conditions of eligibility for the office of solicitor general (now district attorney). It has not been suggested that the plaintiff is not qualified to hold the office. The prohibition against the private practice of law contained in Section 6 of the Act relates solely to the activities of a solicitor general (now district attorney) after assuming office. It is not a condition of eligibility. The Act does not bar a person with the constitutional qualifications from seeking and assuming the office.

In *McLendon v. Everett,* 205 Ga. 713 (55 SE2d 119) a similar statute was construed. It prohibited members of the State Board of Pardons and Paroles established by the Constitution from engaging in any other business or profession. It was said there, "The provisions of sections 3 and 10 of the Act of 1943 relate solely to the conduct of the members of the board . . . after appointment, and section 10 does not either expressly, or by inference, by any of its terms, purport to deal with the qualifications of a member of such board at the time of his appointment." P. 716. See *Turner v. Wilburn,* 206 Ga. 149 (56 SE2d 285). The same is true of the Act being attacked here. Accordingly, the trial court erred in declaring Section 6 of the Act of 1968 unconstitutional because it added a condition of eligibility for the office of solicitor general (now district attorney) which is not authorized by the Constitution.

3. Division 2 of this opinion holds that Section 6 of the Act of 1968 does not prescribe additional qualifications for the office of district attorney. Therefore the constitutional amendment set forth in Ga. L. 1965, p. 765 (*Code Ann.* § 2-1201a) purportedly granting such authority to the General Assembly was not in issue in this case and a determination of the validity of its adoption in this litigation was not required. For this reason, the trial court erred in holding that the constitutional amendment of 1965 was never validly submitted to the voters for ratification or rejection and was no part of the Constitution of Georgia.

4. Section 6 of the Act of 1968 was not unconstitutional for the reasons assigned by the trial court. Therefore, the judgment declaring the plaintiff free from any limitation or restriction imposed by Section 6 was error.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Robert J. Castellani, Assistant Attorneys General,* for appellant. *Charles J. Bloch, Ellsworth Hall, Jr.,* for appellee.