George L. Cobb, J.
In this article 78 proceeding the petitioner seeks an order prohibiting the Commissioner of Education (hereinafter “Commissioner”) from determining an appeal which challenges petitioner’s right to serve as a member of the Board of Education of the City School District of the City of Rochester.
On November 4, 1969, at a municipal election of the City of Rochester, the petitioner was elected to the Board of Education. He filed his oath of office on December 31, 1969 and on January 2, 1970 he attended his first meeting of the board. Shortly thereafter the respondents, William J. Towler, III, and Mary Anna Towler, residents of the City'of Rochester, - took an appeal to the Commissioner to have petitioner declared ineligible to serve as a member of the Board of Education on the ground that he had not been a resident of the City of Rochester for three years preceding the date of his election, as required by subdivision 1 of section 2553 of the Education Law.
The issue raised by this prohibition proceeding is whether the Commissioner has jurisdiction to entertain and determine this appeal.
The appeal in question does not challenge the validity of the election at which the petitioner was elected. Therefore, *527 sections 2037 and 2038 of the Education Law, which relate to the Commissioner’s authority to determine election disputes, are not applicable to this appeal.
The authority of the Commissioner to entertain and determine this appeal is conferred by section 310 of the Education Law. Under the language of this section the Commissioner has been vested with broad jurisdiction to review educational matters. The Court of Appeals has said “ that section 310 was intended to confer a wide sweep of power upon the Commissioner (see Bullock v. Cooley, 225 N. Y. 566, 576-577) ” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 137). The section itself reads, in part, as follows: “ Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same * * *. Such appeal or petition may be made in consequence of any action: * * * 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools ”.
Since the petitioner has taken his seat on the school board and is performing the duties of his office, it seems clear that the question of whether or not he is eligible to hold that office under subdivision 1 of section 2553 is a matter within the purview of subdivision 7 of section 310.
In addition to this prohibition proceeding, the petitioner seeks a judgment of this court declaring that the three-year residency requirement contained in subdivision 1 of section 2553 of the Education Law is unconstitutional because it violates certain provisions of the New York Constitution, namely, section 1 of article XIII, that no other test be required for public office than the constitutionally provided oath of office; section 1 of article I, “ [that] no member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof ’ ’; and section 11 of article I, as well as the Fourteenth Amendment of the United States Constitution, that no person shall be denied equal protection of the laws.
Subdivision 1 of section 2553 of the Education Law provides, in relevant part: “No person shall be eligible to the office of member of a board of education who is not a citizen of the United 'States and who, in the case of the city school districts of the cities of * * * Rochester * * * has not been a resident of the city school district for which he is *528 chosen for a period of at least three years immediately preceding the date of his election”.
The petitioner contends (1) that the statute arbitrarily discriminates and distinguishes between residents of the city who have not satisfied the three-year residency requirement and those other residents who have resided within the city for three years and are therefore eligible to hold office as a member of the Board of Education; and (2) that the statute dilutes the franchise by improperly restricting the number of persons from which the electorate can choose.
In support of these contentions, the petitioner relies on Landes v. Town of North Hempstead (20 N Y 2d 417) which held that a statute requiring the holder of an elective town office to be an owner of real property was unconstitutional. The petitioner would have this court extend the reasoning of Lcmdes to the residency qualification provided for in the challenged statute. In Landes, the court found that the ownership of land as a prerequisite to holding elective town office was an ‘1 invidious discrimination ’ ’ against nonlandowners and constituted a denial of equal protection from the viewpoint of the nonlandowner seeking town office and a “ dilution ” or ‘ ‘ debasement ’ ’ of the franchise from the viewpoint of the voter. The court stated (p. 421) that “ ownership of real property does not render one more interested in, or devoted to, the concerns of the town ” and concluded that “ all in all, we suggest that it is impossible today to find any rational connection between qualifications for administering town affairs and ownership of real property ”. In the course of its opinion, however, the court left open the question of whether residency qualifications for public office were constitutional, stating that ‘ ‘ qualifications for office must have a rational basis, such as age, integrity, training or, perhaps, residence ”.
It is settled law in this State that qualifications for public office may be established by the Legislature so long as these qualifications do not work arbitrary exclusions from office. (Matter of Callahan, 200 N. Y. 59, 61; People ex rel. Devery v. Coler, 173 N. Y. 103, 118; Rogers v. Common Council of Buffalo, 123 N. Y. 173, 188.)
Where a classification is used by the Legislature in prescribing qualifications for public office there must be a reasonable relationship between the classification and the purpose intended to be achieved thereby. (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 527; Quaker City Cab Co. v. Pennsylvania, 277 U. S. 389, 402.) “ Although no precise formula has *529 been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective.’’ (McGowan v. Maryland, 366 U. S. 420, 425.) For a statute to constitute a denial of equal protection under the Federal and State Constitutions ‘1 there must be a purposeful and systematic discrimination designed to favor one individual or class over another individual or class with no rational basis for a differentiation between them (Marquez v. Aviles, 252 F. 2d 715, cert. den. 356 U. S. 952). The prohibition goes no further than invidious discrimination (Levy v. Louisiana, 391 U. S. 68; Morey v. Doud, 354 U. S. 457; Williamson v. Lee Optical Co., 348 U. S. 483, rehearing den. 349 U. S. 925; New York Cent. R. R. Co. v. Lefkowitz, 46 Misc 2d 68) ” (Matter of Posner v. Rockefeller, 31 A D 2d 352, 353).
A legislative enactment which prescribes qualifications for holding public office, like other legislative enactments, is supported by a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; Lincoln Bldg. Assoc, v. Barr, 1 N Y 2d 413, 415). While this presumption of validity is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215, 218).
Residence has been a traditional qualification for holding public office in New York. (See Public Officers Law, § 3; N. Y. Const., art. Ill, § 7; N. Y. Const., art. IV, § 2; N. Y. Const., •art. V, § 1.) It seems apparent that the object sought to be achieved by prescribing residency as a requirement for holding public office is to obtain public officials who are knowledgeable about and concerned with the affairs of the unit of government they seek to serve. Is there a reasonable relationship between residency and this legislative objective so that a classification between residents and nonresidents does not violate the equal protection doctrine of the Federal and 'State Constitutions f The court is of the opinion that such a relationship does exist. A person who has resided in a community can reasonably be expected to be “ more interested in, or devoted to ” (Landes v. Town of North Hempstead, 20 N Y 2d 420, 421, supra) its affairs than a nonresident. A resident has a stake in the life of his community that is not shared by a nonresident. A resident, particularly when he has lived in the community for a *530 period of time, is more apt to be familiar with local problems, conditions and needs and thus be better qualified to perform the duties of his office.
While the court doubts the wisdom of the three-year residency requirement contained in the statute in question as a prerequisite to holding the office of member of a Board of Education, this residency requirement is not so lengthy that it amounts to an unconstitutional exercise of legislative power. It appears that the petitioner and those others in his class are the casualties of reasonable legislative line drawing in this area of prescribing qualifications for public office.
Finally, any dilution or impairment in the franchise caused by the operation of this statute is an incident to this reasonable exercise of legislative power and does not affect the statute’s validity. Likewise, this enactment is not considered by the court as an additional test within the meaning of section 1 of article XIII of the New York State Constitution (see Rogers v. Common Council of Buffalo, 123 N. Y. 173, 188, supra).
Accordingly, the court holds that the challenged provisions of subdivision 1 of section 2553 of the Education Law are constitutional. The petition is denied in all respects and the proceeding is dismissed.