28980. LANCE et al. v. STEPP et al.

INGRAM, Justice.

This appeal is from a declaratory judgment of the Superior Court of Fannin County ruling on the constitutionality of Ga. L. 1974, pp. 2136, 2141, a local Act which increased the number of the Board of Commissioners of Fannin County from three to five members. The Act also invested the Chairman of the Board with certain veto power, limited the compensation of the county attorney and designated matters within the exclusive jurisdiction and control of the Board of Commissioners.

The Honorable Luther C. Hames, Jr., from the Cobb Judicial Circuit, presided in the case in view of the disqualification of the two Superior Court Judges of the Blue Ridge Judicial Circuit, which includes Fannin County. The trial judge, after considering the constitutional challenges to this Act and giving all parties an opportunity to be heard, determined that §§ 3, 4, and 5 of the Act contained matter "completely foreign to the advertisement of intention to introduce this local legislation" and, therefore, declared those

sections of the Act null and void as being unconstitutional. The notice of intention to introduce this legislation provided only that it was to "change the number of the Commissioners of Fannin County, Georgia." Thus, the trial court concluded the notice did not adequately apprise the citizenry that the Act would also contain provisions relating to matters over which the Board of Commissioners was to have exclusive control and that the Chairman of the Board of Commissioners was to be given certain veto power nor did the notice indicate the Act would limit the compensation of the county attorney.

The trial court also decided that since the remainder of the Act (§§ 1 and 2) deals with the number of commissioners and these sections were separable from the void sections, they were constitutionally salvageable as representing the main purpose of the legislation.

It was argued in the trial court, and is repeated here by appellants, that the remainder of the Act must also fall as being unconstitutional, because § 2 of the Act, providing for the initial appointment by the superior court judges of the additional commissioners, offends Art. III, Sec. VII, Par. XV of the Georgia Constitution of 1945 (Code Ann. § 2-1915), which requires election of the commissioners. This argument, and numerous others, were rejected by the trial court and §§ 1 and 2 of the Act were declared constitutional and valid.

We reach only the question of whether the Constitution requires new members of the Board of Commissioners to be elected or whether it is constitutionally permissible for the General Assembly to provide for the initial appointment of additional commissioners pending a subsequent election. The pertinent portion of the constitutional provision says that, "When any local law shall add any member or members to any municipal or county governing authority, the members of which are elected by the people, such local law must provide that the member or members so added must be elected by the qualified voters of the political subdivision affected under such rules as the General Assembly may in said law provide."

Appellees argue with much persuasion that this

local Act complies with the above provision of the Constitution since the constitutional language states that the election will be "under such rules as the General Assembly may in said law provide," and that, in this local law, the General Assembly provided for the election of the additional commissioners at the next general election. In addition, it is also argued that this view of the constitutional requirement of election is consistent with the recognized general law of this state authorizing appointment of commissioners to fill vacancies in office pending an election to fill such vacancies.

We take a different view of the election requirements in this provision of the Constitution. In our opinion, when new positions on a county board of commissioners are created they must be filled by election. We think this is plainly mandated by the above stated provision of Art. III, Sec. VII, Par. XV of the Constitution (Code Ann. § 2-1915). That section makes no allowance for an initial appointment but instead requires that, "the member or members so added *must* be elected," and it is the election which is to be "under such rules as the General Assembly may . . . provide." (Emphasis supplied.) In Art. XI, Sec. II, Par. I of the Constitution (Code Ann. § 2-7901), it is provided that, "The county officers shall be elected by the qualified voters of their respective counties . . ." The emphasis of the Constitution dealing with the membership of such newly created offices is upon election and we believe appointments to fill such offices are authorized only when there is a vacancy in an existing office.

In view of the conclusion we have reached with respect to § 2 of this local Act, it is unnecessary to reach any other issues in the case. Section 2 is vital to the Act and since it is unconstitutional, the remaining section of the Act must also be declared unconstitutional. The judgment of the trial court is reversed in accordance with this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 4, 1974.

*Telford, Stewart & Stephens, Charles W. Stephens, John E. Girardeau,* for appellants.
*Jenkins & Landrum, Edgar L. Jenkins,* for appellees.