## 29245. STEPP v. LANCE et al.

ARGUED OCTOBER 15, 1974 — DECIDED DECEMBER 5, 1974.

*McCurdy, Candler & Harris, George H. Carley, Jerry L. Stepp,* for appellant.

*Telford, Stewart & Stephens, Charles W. Stephens, John E. Girardeau, Edgar L. Jenkins,* for appellees.

GRICE, Chief Justice.

This is the second appeal from a declaratory judgment of the Superior Court of Fannin County ruling on the constitutionality of Ga. L. 1974, p. 2136 et seq., a local Act increasing the number of county commissioners, vesting the chairman with certain veto powers, limiting the compensation of the county attorney and designating certain matters to be within the exclusive control and jurisdiction of the board of commissioners.

The trial judge determined that Sections 3, 4 and 5 of the Act contained matter "completely foreign to the advertisement of intention to introduce this local legislation," and declared those sections unconstitutional. It concluded that since the notice provided only that it was to change the number of the commissioners, it did not adequately apprise the citizenry that the Act would also contain provisions relating to the matters over which the board was to have exclusive control, the veto power of the chairman or the limited compensation of the county attorney. It decided, however, that since Sections 1 and 2 dealt only with the number of commissioners and reflected the main purpose of the legislation, these sections were separable from the void sections and were constitutional.

The appellees here appealed from that portion of the ruling declaring Sections 1 and 2 constitutional and this court reversed. *Lance v. Stepp,* 232 Ga. 675 (208 SE2d 559).

This appeal challenges the ruling of the trial court holding Section 4 to be unconstitutional.

Without deciding whether the trial court was authorized to find that the provisions were separable and a portion of the local Act could remain in effect, we conclude that it correctly found Section 4 to be in violation of Art. III, Sec. VII, Par. XV of the Georgia Constitution (Code Ann. § 2-1915). That section empowers the chairman of the board of commissioners to approve or disapprove all expenditures from the county treasury. Clearly this was not referred to in the advertised notice of intention to introduce local legislation. *DeKalb County v. Atlanta Gas Light Co.,* 228 Ga. 512 (4) (186 SE2d 732) and cits.

Accordingly, that portion of the judgment holding Section 4 to be unconstitutional is affirmed.

*Judgment affirmed. All the Justices concur.*