## 32837, 32838. LUCAS v. WOODWARD; and vice versa.

HILL, Justice.

The petitioner in this quo warranto action contends that Heyward Woodward, the respondent, should be removed from the office of county commissioner of Rockdale County because he had not resided in that county for five years prior to his election on November 2, 1976, as would be required by the 1941 local act establishing the office.[1] The trial court overruled Woodward's motion to dismiss which challenged the statute on constitutional grounds, but after a hearing on June 17, 1977, the trial court denied quo warranto. Both parties have appealed.

The Georgia Constitution provides that no person shall be a "county officer" unless he shall have been a resident of the county for two years.[2] We must decide whether a county commissioner is a county officer within the meaning of this constitutional provision, and if so, whether the General Assembly may impose a longer residency requirement than is fixed by our Constitution.

---

[1] Ga. L. 1941, pp. 952, 954: "No person shall be elected as Commissioner of said County [Rockdale] unless he be of thirty years of age and having had residence in said County five years prior to his election."

[2] "The county officers shall be elected by the qualified voters of their respective counties or districts, and shall hold their office for four years. They shall be removed upon conviction for malpractice in office; and no person shall be eligible for any of the offices referred to in this Paragraph unless he shall have been a resident of the county for two years and is a qualified voter." 1976 Const., Art. IX, Sec. I, Par. VIII; Code Ann. § 2-5808 (1977); 1945 Const., Art. IX, Sec. II, Par. I; Code Ann. § 2-7901 (1946); 1877 Const., Art. XI, Sec. II, Par. I, as amended; Code Ann. § 2-8301 (1933); Code § 6599 (1910); Code § 5929 (1895), Code § 5227 (1882). See 1868 Const., Art. IX, Par. I; Code § 5140 (1873).

1. Are county commissioners county officers within the meaning of the Constitution? Code Ann. § 2-5808. The conflict in Georgia authority on this issue has been previously noted. *Smith v. Abercrombie,* 235 Ga. 741, 747 (221 SE2d 802) (1975); R. Sentell, Studies in Georgia Local Government Law, pp. 199-219 (1977), and 15 Mercer L. Rev. 258, 265-266 (1963).

Several decisions hold that the county commissioners are county officers within the meaning of the constitutional provision. County commissioners were found to be such county officers in *Hulgan v. Thornton,* 205 Ga. 753, 756 (55 SE2d 115) (1949), which affirmed the ruling that the person elected to the office of county commissioner was not qualified at the time of his election because he was not a qualified voter as required. In *Sweat v. Barnhill,* 171 Ga. 294 (9) (155 SE 18) (1930), the court reversed the dismissal of a petition in quo warranto holding that the legislature could not by special Act appoint a person to the office of county commissioner in disregard of the constitutional requirement that county officers be elected by the qualified voters of their respective counties or districts.[3] See also *Lance v. Stepp,* 232 Ga. 675 (208 SE2d 559) (1974). *Malone v. Minchew,* 170 Ga. 687 (2) (153 SE 773) (1930), had reached the same result, finding that the legislature could not ignore a general statute[4] which repeated the constitutional

---

[3] The use of the word "districts" in the constitutional provision confirms the correctness of the decision we reach today because county commissioners are the only county officials elected from districts within the county. Other county officials are elected from the county at large. Hence the inclusion of "districts" was a reference to county commissioners. Regarding county school officials, see *Saxon v. Bell,* 201 Ga. 797 (41 SE2d 536) (1947); see also Ga. L. 1887, p. 68, Secs. XVI, XXIV, Ga. L. 1872, p. 64, Sec. XIII. Regarding justices of the peace, see *Long v. State,* 127 Ga. 285 (56 SE 424) (1906); see also *Overton v. Gandy,* 170 Ga. 562, 565 (153 SE 520) (1930).

[4] Code Ann. § 89-101(7) (Supp. 1977); Code § 258(7) (1910); Code § 223 (7) (1895).

requirement that a county officer must be a qualified voter. *McCranie v. Minchew,* 170 Ga. 691 (154 SE 776), and *Davis v. Minchew,* 170 Ga. 691 (154 SE 189) (1930), followed *Malone,* supra.[5]

The case of *Marshall v. Walker,* 183 Ga. 44 (1) (187 SE 81) (1936), should not be read to indicate that county commissioners are not county officers. *Marshall* found that qualifications for the office of county school superintendent were not limited by Code Ann. § 2-5808. The *Marshall* court held that Code Ann. § 2-5808 applied only to those county offices which were in existence at the time of adoption of the 1877 Constitution, which was still in force in 1936 when *Marshall* was decided. *Marshall* cautioned that insofar as *Sweat v. Barnhill,* supra, did not comport with this rule, that case was not followed in *Marshall.* The office of county commissioner was in existence both in 1877, see *Waller v. Perkins,* 52 Ga. 233 (5) (1873); *Churchill v. Walker,* 68 Ga. 681 (6) (1882), and in 1945, when the pertinent provisions of the 1877 Constitution were reenacted in substantially their same form in the 1945 Constitution. Therefore, the caveat as to county school superintendents does not reduce the force of *Sweat v. Barnhill,* supra, as to county commissioners.

On the other hand, *Rhodes v. Jernigan,* 155 Ga. 523 (2) (117 SE 432) (1923), held that the office of county

---

[5] Our holding today with regard to the constitutional qualifications of the office of county commissioner is not intended to affect other limits which may have been established by the Constitution on the broad legislative power to establish the duties, powers, and jurisdiction of and the remedies against a county commissioner. See, e. g., *County of Pulaski v. Thompson & Co.,* 83 Ga. 270 (9 SE 1065) (1889); *Phinizy v. Eve,* 108 Ga. 360 (2) (33 SE 1007) (1899); *Moore v. Whaley,* 189 Ga. 647 (7 SE2d 394) (1940); *Wilson v. Jones,* 218 Ga. 706 (130 SE2d 227) (1963); but see, e.g., *Atkinson v. Bailey,* 135 Ga. 336 (69 SE 540) (1910); *Board of Commrs. of Sumter County v. Mayor &c. of Americus,* 141 Ga. 542 (81 SE 435) (1914); *Hood v. Burson,* 194 Ga. 30 (20 SE2d 755) (1942); *Nash v. Nat. Preferred Life Ins. Co.,* 222 Ga. 14 (3) (148 SE2d 402) (1966). See Sentell, supra.

commissioner was not a county office. The *Rhodes* court would not conform that office to the 1914 constitutional amendment which increased the term of office of county officers to four years.[6] That part of the holding in *Rhodes* is in direct conflict with the weight of the subsequent decisions of this court and will no longer be followed. *Parks v. Ash,* 168 Ga. 868 (5) (149 SE 207) (1929), which considered county commissioners to be "creatures of statutes," and *Wilson v. Harris,* 170 Ga. 800 (2, 3) (154 SE 388) (1930), which relied in part on the disapproved holding of *Rhodes v. Jernigan,* supra, will not be followed insofar as they would remove the office of county commissioner from the operation of the constitutional provision regarding county officers.[7]

We are not unmindful of those provisions of the Constitution which allow the General Assembly much

---

[6]Ga. L.1914, p. 43, ratified Nov. 3, 1914, to be effective January 1, 1917. See editorial note following Code § 2-8301 (1933). The correctness of the decision in *Rhodes v. Jernigan,* supra, is put in doubt when it is found that at the 1915 and 1916 sessions of the General Assembly, the county commissioners of many counties were given four year terms effective January 1, 1917. Ga. L. 1915, p. 140 et seq.; Ga. L. 1916, p. 332 et seq.

[7] Dicta in *Employees Retirement System v. Lewis,* 109 Ga. App. 476, 479 (136 SE2d 518) (1964), and Op. Att'y Gen. 69-454 regarding county commissioners are also disapproved. However, those sources provide a general listing of what offices are, and what offices are not, county offices. It is generally agreed that the office of clerk of superior court is a county office within the meaning of Code Ann. § 2-5808. *McGill v. Simmons,* 172 Ga. 127 (1) (157 SE 273) (1930). Yet, that office is created by statute. Code Ann. § 24-2701 et seq. Hence, appellee's argument that the office of county commissioner is a statutory rather than a constitutional county office is of no significance. The predecessor of Code Ann. § 2-5808, namely, Art. IX, Sec. I of the Constitution of 1868, recognized that the county offices referred to were created by law rather than the Constitution.

authority to establish the duties, powers and jurisdiction of and the remedies against county commissioners.[8] "[These provisions] in regard to creation of county commissioners and defining their duties [were] not intended, however, to authorize the legislature to violate every other provision in the constitution under the name of defining the duties of the county commissioners . . ." *Board of Commrs. of Sumter County v. Mayor &c. of Americus,* supra. These two provisions do not clearly except county commissioners from the constitutional provisions of Code Ann. § 2-5808 regarding county officers. "The different provisions of the constitution are to be construed as in harmony with one another rather than as contradictory." *Board of Commrs. of Sumter County,* supra, at 544. We hold that the office of county commissioner is a county office governed by the constitutional provisions of what is now the Constitution of 1976 (Art. IX, Sec. I, Par. VIII; Code Ann. § 2-5808).

2. May the General Assembly impose a residency requirement as a condition of eligibility to an office of county commissioner longer than the requirement fixed by the Constitution that a county officer ". . . shall have been a resident of the county for two years"? Code Ann. § 2-5808. In *White v. Clements,* 39 Ga. 232, 265 (1869), the

---

[8] 1976 Const., Art. IX, Sec. I, Par. VI (Code Ann. § 2-5806) provides in pertinent part: "Whatever tribunal, or officers, may be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for County Commissioners in any county . . . without respect to uniformity." See 1945 Const., Art. XI, Sec. I, Par. VI; 1877 Const., Art. IX, Sec. I, Par. VI.

1976 Const., Art. IX, Sec. I, Par. VII (Code Ann. § 2-5807) provides: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them and to define their duties." See 1945 Const., Art. VI, Sec. XVII, Par. I; Const. 1877, Art. IX, Sec. I, Par. VII.

See also footnote 5.

court wrote that ". . . if the Constitution prescribes a qualification for an officer, it by necessary implication denies to the Legislature the power to fix new and other qualifications." Where the Constitution has prescribed the qualifications which allow and prevent eligibility to a public office, the General Assembly cannot by statute add to or take from those conditions of eligibility. See *Ray v. Hand,* 225 Ga. 589, 591 (170 SE2d 692) (1969). "It is quite generally considered that where the constitution lays down specific eligibility requirements for a particular constitutional office, the constitutional specification in that regard is exclusive and the legislature (except where expressly authorized to do so) has no power to require additional or different qualifications for such constitutional office." Annot. 34 ALR2d 155, 171, § 6 (1954).

We find that the condition in Ga. Laws 1941, pp. 952 to 954, supra, which requires five years residence for eligibility to the office of county commissioners is invalid because the Constitution requires that a county officer shall have been a resident of the county for two years. Therefore the judgment denying quo warranto is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 12, 1977 — DECIDED FEBRUARY 22, 1978.

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

*Bryan, Wilgus & Spell, L. Penn Spell, Jr.,* for appellant.

*Swertfeger & Scott, Thomas L. Scott, Curtis R. Richardson, Jack H. Thrasher, L. Jack Swertfeger,* for appellee.