## 33963. WHITMER v. THURMAN et al.

JORDAN, Justice.

Appellant, Jim Whitmer, appeals a decision of the Superior Court of Fulton County holding that he was not presently eligible to hold the office of district attorney for the Northeastern Judicial Circuit and denying his petition for a writ of mandamus to compel the Democratic Party of Georgia to certify his name to the Secretary of State for placement on all appropriate election ballots within the Northeastern Judicial Circuit. This court granted appellant's motion to expedite the hearing of this appeal due to the necessity of a decision prior to the primary election for the Democratic Party of Georgia which will be held on August 8, 1978.

Appellant, an attorney residing within the Northeastern Judicial Circuit, sought to qualify with the Democratic Party of Georgia to seek the office of district attorney for the Northeastern Judicial Circuit by paying the required fee and submitting the necessary affidavit and petition within the time allowed for the qualification of candidates for the primary election of the Democratic Party of Georgia.

On June 22, 1978, the day following the last day by which the Democratic Party must certify candidates' names to the Secretary of State, appellant was notified by appellee Marjorie Thurman, chairman of the Democratic Party of Georgia, that appellant's name had not been certified because appellant did not meet the eligibility requirements for the office of district attorney. Appellant's petition to the Fulton County Superior Court for a declaratory judgment that he did meet all eligibility requirements for the office of district attorney and for a writ of mandamus to compel the placement of his name on all appropriate ballots was denied by the trial judge on the basis of his holding that the appellant did not meet the eligibility requirement of having practiced law for three

years in the superior courts of this state by the time of his election.

Appellant enumerates ten errors in the trial court's decision. Each of these enumerations can essentially be consolidated into appellant's ninth enumeration of error which contends that the trial court erred in holding that he is not eligible to hold the office of district attorney.

The legal requirements of eligibility for an individual seeking the office of district attorney are set forth in the Constitution and statutes of our state. The Constitution provides: "No person shall be a district attorney, unless at the time of his election he shall have . . . practiced law for three years next preceding his election." Code Ann. § 2-4201. An enactment of the legislature provides: "No person is eligible to the office of district attorney . . . who has not been duly admitted and licensed to practice law in the superior courts for at least three years . . ." Code § 24-2901.

The trial court found that appellant was admitted to the Bar in Georgia on June 15, 1976, and paid the required dues to the State Bar of Georgia on July 12, 1976. Based on these findings, the trial court ruled that the appellant had not met the three-year practice requirement. Appellant argues that he was admitted to the Bar in California on December 18, 1974, and that the practice time requirement should include practice in courts of similar jurisdictions in other states.

This court has previously reviewed the three-year practice requirement of Code §§ 2-4201 and 24-2901 in the case of *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) (1969). In that case we held that the language "shall have practiced" contemplated lawful practice and defined lawful practice as the practice of law as "an active member of the State Bar of Georgia in good standing." Id. at 104, 105. Appellant has not been a member of the State Bar of Georgia for three years.

Appellant's argument that the practice requirement include legal practice in other states directly conflicts with the judicial policy of Georgia that lawyers licensed to practice in other states will not be admitted to practice law in Georgia on the basis of comity. Rule 2-101 of the Rules and Regulations for Organization and Government

of the State Bar of Georgia, Title 9 Appendix of the Georgia Code Annotated.

It is clear that the intent of the legislature when it imposed this practice requirement was to insure that the individuals who were elected to the office of district attorney would be experienced in the practice of law before the courts in which they would be required to perform their functions as district attorneys. It would be contrary to this intent to allow individuals who have not been licensed to practice before our superior courts to include their practice time in other states as partial satisfaction of Code §§ 2-4201 and 24-2901, the three-year practice requirement.

We affirm the trial court's holding that the specific language in Code § 24-1901 requiring admission to practice "in the superior courts" means the Superior Courts of Georgia and does not include practice in courts of similar jurisdiction in other states.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED JULY 12, 1978 — DECIDED JULY 14, 1978.

*Douglas Parks,* for appellant.

*Jones, Bird & Howell, Earle May, Alston, Miller & Gaines, Sidney O. Smith, Arthur K. Bolton, Attorney General, Michael Bowers, Assistant Attorney General,* for appellees.

HILL, Justice, concurring specially.

Article VI, Sec. XIII, Par. I (Code Ann. § 2-4201) of the Constitution of 1976 provides that a district attorney ". . . shall have practiced law for three years next preceding his election." This requirement must be interpreted to mean the practice of law in Georgia. If it were not so, then the practice of law in Kuala Lampur, Malaysia, would suffice. If practice of law in Kuala Lampur were to satisfy the requirement, then the requirement would have no reasonable basis and would be invalid as an unreasonable impairment of the right to hold public office in violation of the 14th Amendment. To

prevent the requirement from being so overbroad as to be invalid, it must be interpreted to be limited to the practice of law in Georgia. As thus understood, the superior court requirement in the companion Code section, § 24-2901, is not an additional qualification on elective office. Code Ann. §§ 9-102, 9-112, 9-129. See *Lucas v. Woodward,* 240 Ga. 770 (2) (243 SE2d 28) (1978).[1]

Although appellant has been an assistant district attorney in Georgia for two years, he does not meet the 3-year Georgia practice requirement and therefore is not eligible to hold the office of district attorney. Although his other enumerations of error might have some merit, in the end he could not hold the office being sought and he, his opponent and the voters are entitled to have notice of that fact at this time. I therefore concur specially in the judgment.

---

[1] An argument perhaps could be made that the phrase "shall have practiced law" means "in the United States" as opposed to "in Georgia." To so interpret the constitutional phrase would render the Code section unconstitutional. *Lucas v. Woodward,* supra. There are valid reasons for requiring a district attorney to have practiced law in Georgia for three years and where the Constitution must be interpreted in any event, it should be interpreted both reasonably and so as to uphold existing law rather than so as to invalidate existing law.