### 36809. GRIGGERS v. MOYE et al.

MARSHALL, Justice.

On June 9, 1980, the appellant, Larry M. Griggers, filed a "Declaration of Candidacy" with the Democratic Party of Toombs County, declaring himself to be a candidate for nomination to the office of Chairman of the County Commissioners of Toombs County, Georgia.

On July 31, the appellees, as residents and electors of Toombs County, filed this complaint against the appellant and the Democratic Party of Toombs County. In the complaint, the appellees seek a declaration that the appellant is not qualified to run for or hold the office of Chairman of the County Commissioners of Toombs County, since he was not a resident of Toombs County for a period of two years immediately preceding the 1980 election. The complaint also seeks the issuance of special process under § 34-1705 (e) of the Georgia Election Code (Code Ann. § 34-1705 (e)), and the court is requested to fix a time and place for the hearing, as provided for in Code Ann. § 34-1706.

The appellant filed a motion to dismiss. In the motion to dismiss, the appellant argues that the complaint in this case was not filed in a timely fashion under Code Ann. § 34-1705 (a), which provides, in pertinent part: "A petition to contest the result of a primary or election shall be filed in the office of the clerk of the superior court having jurisdiction, within five days after the official consolidation of the returns of that particular office or question and certification thereof by the election official having responsibility for taking such action under the provisions of this Code. . ." As previously stated, the complaint in this case was filed on July 31, and the primary election was held on August 5. Therefore, the appellant's argument in his motion to dismiss is that the complaint was filed prematurely.

On August 18, a hearing was conducted before a judge of an adjoining circuit, as required by Code Ann. § 34-1704 (b). At the hearing, the appellees amended their complaint by adding a request that the Democratic Party of Toombs County be enjoined from placing the appellant's name in nomination. The trial court overruled the motion to dismiss, and the court held that the appellant has not been a resident of Toombs County for the two years preceding the 1980 election and, therefore, under the law, the appellant is not

eligible to run for and hold the office of Chairman of the County Commissioners of Toombs County.

We granted the motion to expedite this appeal.

1. The complaint is not subject to dismissal for either of the reasons urged by the appellant in this appeal. On appeal, the appellant argues not only that the complaint is subject to dismissal because it was filed prematurely under Code Ann. § 34-1705 (a); the appellant also argues that the Chairman of the State Election Board was not served with a copy of the complaint as is also required by Code Ann. § 34-1705 (a), as well as Code Ann. § 34-203 (d).

We do not agree that a copy of the complaint in this case was not served on the Chairman of the State Elections Board. It is true that upon the original docketing of this appeal, the appellees had not filed a certificate of service for inclusion in the appellate record; nor did they serve the appellant with a copy of the certificate of service prior to the filing of his enumeration of errors and brief. However, the appellees have now supplemented the record by filing the certificate of service therein, and it shows that service was had upon the Chairman of the State Elections Board on August 12.

It is true that § 34-1705 (a) does provide that a petition to contest the result of a primary or election shall be filed within five days after consolidation of the election returns and certification thereof. However, this does not preclude a complaint for declaratory judgment and injunctive relief from being filed prior to the primary or election, where the ground for contest is that the nominee is ineligible for nomination or office under Code Ann. § 34-1703 (b). See *O'Keefe v. Braddock,* 237 Ga. 838 (229 SE2d 758) (1976). However, as held in *O'Keefe v. Braddock,* supra, complaints such as this are not immune to the requirements of other provisions of the Election Code, such as § 34-203 (d), requiring the Chairman of the State Election Board to be served with a copy of the complaint.

2. We agree with the trial court that the appellant is ineligible under Art. IX, Sec. I, Par. VIII of the State Constitution (Code Ann. § 2-5808) and Code Ann. § 89-101 (7) to hold public office in Toombs County, since he has not been a resident of Toombs County for the two years preceding the 1980 election.

Code Ann. § 2-5808 contains certain eligibility requirements for county officers. Section 2-5808 provides, in pertinent part, that no person shall be eligible for any county office "unless he shall have been a resident of the county for two years and is a qualified voter." By statute, the General Assembly has enacted various eligibility requirements and qualifications for public officers and employees. Code Ch. 89-1. Code Ann. § 89-101 (7) provides, in pertinent part, "No person shall be eligible to hold any county office in any county

unless he shall have been bona fide a citizen of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter entitled to vote . . ."

We conclude that both Code Ann. § 2-5808 and Code Ann. § 89-101 (7) require residency in the county for the two years immediately preceding the election to county office. Accord, *Haggard v. Graham,* 142 Ga. App. 498 (236 SE2d 92) (1977). It is true that, "[w]ords limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of a choice from all of those who are in fact and in law qualified." *Gazan v. Heery,* 183 Ga. 30 (4) (187 SE 371, 106 ALR 498) (1936). "A statute pleaded as a barrier to eligibility [to hold public office] will be strictly construed and strictly applied, . . ." *Avery v. Bower,* 170 Ga. 202, 205 (152 SE 239) (1930); *Morgan v. Crowe,* 183 Ga. 147, 148-149 (187 SE 840) (1936). However, it does not follow that courts should give words an unreasonable construction in order to uphold the right of one to hold office. *Thornton v. McElroy,* 193 Ga. 859 (1) (20 SE2d 254) (1942). In our opinion, giving to § 2-5808, as well as to § 89-101(7), a construction requiring residency for any two-year period prior to the election leads to unreasonable results. Therefore, we decline to adopt such a construction.

3. We do note that it is established by *Lucas v. Woodward,* 240 Ga. 770 (243 SE2d 28) (1978), that the General Assembly cannot by statute impose a residency requirement as a condition of eligibility to hold county office which is more stringent than the requirement fixed by the State Constitution. *Lucas v. Woodward,* supra, involved a local Act establishing the office of Commissioner of Rockdale County, and this local Act provided that no person could be elected Commissioner of Rockdale County unless he had residence in the county five years prior to his election. We held that the General Assembly could not impose a five-year residency requirement as a condition of eligibility to an office of county commissioner, where the State Constitution provided only a two-year residency requirement. In so holding, we stated: "Where the Constitution has prescribed the qualifications which allow and prevent eligibility to a public office, the General Assembly cannot by statute add to or take from those conditions of eligibility. See *Ray v. Hand,* 225 Ga. 589, 591 (170 SE2d 692) (1969)." *Lucas v. Woodward,* 240 Ga. 770, supra, p. 775. It is implicit within the holding in *Lucas v. Woodward* that the two-year durational residency requirement imposed in the State Constitution as a condition for holding county office is valid.

4. However, the appellant argues that if the two-year durational residency requirement is construed as requiring residency for the two

years immediately prior to the election, this will deny him his equal-protection rights under the Fourteenth Amendment.

We hold that the state constitutional provision requiring that a county officer be a county resident for the two years preceding the election is reasonable and, therefore, constitutional. See generally DeHond v. Nyquist, 65 Misc. 2d 526 (318 NYS2d 650) (1971); Triano v. Massion, 109 Ariz. 506 (513 P2d 935) (1973); Draper v. Phelps, 351 FSupp. 677 (D.C. Okla., 1972); Lawrence v. Issaquah, 84 Wash. 2d 146 (524 P2d 1347) (1974).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1980 — REHEARING DENIED OCTOBER 23, 1980.

*David R. Smith, William Ward Newton,* for appellant.
*B. P. Jackson, Jr.,* for appellees.