## 40217. LITTLEJOHN v. CLELAND.

CLARKE, Justice.

The issue in this case is whether the Superior Court of DeKalb County erred in upholding the decision of the Secretary of State that appellant was not qualified to seek election as Justice of the Supreme Court of Georgia.

Littlejohn sought to qualify to run for election as Justice. The Secretary of State, after hearing, found that he was not qualified to seek the position because he is not a member of the State Bar of Georgia. Littlejohn appealed to the Fulton Superior Court, which set the matter for a hearing de novo. The Fulton Superior Court then contacted the senior judge of the Stone Mountain Judicial Circuit, the adjacent circuit, to preside over the matter pursuant to OCGA § 21-2-523 (Code Ann. § 34-1704). Since the senior judge was unable to hear the matter at the time scheduled, the Governor was notified, and he appointed another judge in the Stone Mountain Judicial Circuit to hear the matter pursuant to OCGA § 21-2-523 (c) (Code Ann. § 34-1704). The court upheld the decision of the Secretary of State that Littlejohn was not qualified to seek election as Justice.

(1) Littlejohn complains that the judge who presided over the hearing was not qualified because he was not the most senior judge in the DeKalb Superior Court. When it became apparent that the most senior judge was unable to sit at the time scheduled, the statutory procedure was followed. The Governor appointed a presiding judge. The enumerations dealing with the qualification of the judge appointed are without merit.

(2) Since no transcripts of the hearings before the Secretary of State and the superior court have been provided, we will not consider enumerations dealing with the conduct of these hearings. *Brown v. Frachiseur,* 247 Ga. 463 (277 SE2d 16) (1981).

(3) The remaining question is whether the court erred in concluding that an individual must be a member of the State Bar of Georgia in order to be qualified to run for office as a Justice of the Supreme Court of Georgia. The Constitution of Georgia of 1976, Art. VI, Sec. XIII, Par. I (Code Ann. § 2-4201), provided that "[n]o person shall be a Justice of the Supreme Court . . . unless, at the time of his election, he shall . . . have practiced law for seven years." The State Bar of Georgia is an arm of this Court, and we have held that only those persons who are members of the State Bar of Georgia may practice law. *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) (1969), cert. den. 396 U. S. 939. See also *Whitmer v. Thurman,* 241 Ga. 569 (247 SE2d 104) (1978). Since a person may not practice law unless he or she is a member of the State Bar, a person cannot qualify for an

office requiring law practice unless he or she is a member of the State Bar. Inasmuch as the court found that Littlejohn is not now nor has he ever been a member of the State Bar of Georgia, it is clear that he does not meet the constitutional requirement to seek or hold the position of Associate Justice of the Supreme Court of Georgia.

*Judgment affirmed. All the Justices concur, except Gregory, J., who is disqualified.*

DECIDED NOVEMBER 2, 1983.

Charles E. Littlejohn, *pro se.*
*Michael J. Bowers, Attorney General, Mark A. Dickerson, Assistant Attorney General,* for appellee.