Requestor: Thomas B. Hayner, Esq., County Attorney County of Schenectady 620 State Street Schenectady, N Y 12306-2114
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that the administrative code of the County of Schenectady has a one-year durational residency requirement in order to qualify for appointment as a county employee. Also, the civil service commission of the county has a four-month durational residency requirement for appointments of employees in the civil divisions of the County of Schenectady. You indicate that a question has been raised as to the legality of these provisions.
Residency requirements are not uncommon in this State. Under section3 of the Public Officers Law, no person is eligible to hold a public office who is not a resident of the State and if it is a local office, a resident of the political subdivision or municipal corporation of which he would serve. Public Officers Law § 3. Also, public officers are required to remain residents throughout their terms of office. Id., § 30(1)(d).
A municipal civil service commission may require that candidates for examination for appointment to competitive positions reside in the municipality. Civil Service Law § 23(4-a). An appointing authority of a municipality may require that eligible candidates who are residents of the municipality be certified first for appointment provided, however, that no such preference shall be given on appointments from promotion lists. Ibid. This subdivision does not supersede any general or special law pertaining to residence qualifications of local officers or employees.
Local laws requiring that municipal employees reside within the municipality have been upheld. Mandelkern v City of Buffalo, 64 A.D.2d 279
(4th Dept 1978); McCarthy v Philadelphia Civil Service Commission,424 U.S. 645 (1976). The legality of these regulations is supported by the legitimate purpose of encouraging municipal employees to maintain a commitment and involvement with the municipality which employs them by living within the municipality. Mandelkern, supra, p 281.
Durational residency requirements have been authorized for important State offices. New York Constitution, Article III, § 7-members of the Senate and Assembly. A State law establishing a durational residency requirement for certain members of Boards of Education in cities was upheld. Matter of De Hond v Nyquist, 65 Misc.2d 526 (Sup Ct Alb Co [1971]).
In our view, however, it seems unlikely that there is a rational basis for the local establishment of a durational residency requirement forall county employees. When a classification is used in prescribing qualifications for public office there must be a reasonable relationship between the classification and the purpose intended to be achieved thereby. Matter of De Hond, supra, p 528. Equal protection safeguards are offended if the classification rests on grounds wholly irrelevant to the achievement of the State's objective, Matter of De Hond, supra, p 529. It seems unlikely that a rational basis can be established for imposing a durational residency requirement on every county employee, no matter what their functions and duties. State law only requires that public officers be residents in order to be eligible to hold office and that they remain residents throughout their terms of office. Durational residency requirements are typically imposed on officers exercising the sovereign powers of government. E.g., N Y Const, Art III, § 7.
We conclude it is unlikely that a rational basis can be established for the imposition of a durational residency requirement on all employees of county government.